CEDAR RAPIDS AMUSEMENT ASSOCIATION, Appellee, v. J. H. WYMER, Appellant.

No. 40956.

FEBRUARY 9, 1932.

Barnes, Chamberlain, Hanzlik & Thompson, for appellant.

B. D. Silliman, for appellee.

MORLING, J.—The petition merely alleges that plaintiff is a corporation under the laws of Iowa, with its principal place of business in Cedar Rapids; "that on or about the 15th day of May, 1925, defendant executed in writing a certain subscription agreement with the plaintiff under the terms of which he subscribed to five shares of stock in the plaintiff corporation at an agreed price of $500, a copy of which subscription agreement is hereto attached. * * * That thereafter, and prior to June 15,

1925, the Cedar Rapids Amusement Association was incorporated for the purpose of conducting a Frontier Days Celebration in Cedar Rapids and for the further purpose of providing a means of entertainment for the public and to furnish such entertainment as would attract visitors to the city; that 600 shares of the said capital stock were subscribed for prior to June 15, 1925;'' that defendant has refused to pay, and there is ''now due and owing on the subscription as above, the sum of $500 * * *,'' for which judgment is prayed. The subscription agreement reads:

''Whereas, it is proposed by certain citizens of Cedar Rapids, Iowa, to organize a corporation for pecuniary profit under the laws of the State of Iowa, having a capital stock of $60,000.00, each of the par value of $100.00, for the purpose of conducting a Frontier Days Celebration in Cedar Rapids, Iowa, in order to provide a means of entertainment for the public and to attract visitors to the city.

''Now Therefore we, the undersigned, hereby mutually agree to take and pay for the number of shares of common stock of said corporation set opposite our names, payment to be made at such time and manner as may be fixed by the Board of Directors of the corporation.

''It is expressly understood that this agreement shall not be binding unless at least 600 shares are subscribed for and unless the corporation is organized as stated on or before June 15, 1925. This agreement to be mutually binding upon the subscribers until said date.''

Defendant in answer denies each allegation of the petition not specifically admitted, admits his signature to the Exhibit One of the petition, and that he has refused to pay; ''denies that such agreement was made with this plaintiff, or that he ever subscribed to purchase any stock in the plaintiff corporation.'' Defendant alleges ''that, as shown by Exhibit One, he agreed to subscribe for stock in a corporation having a capital stock of $60,000.00, to be organized for the purpose of conducting a Frontier Days Celebration in Cedar Rapids, Iowa, in order to provide a means of entertainment for the public and in order to attract visitors to the city. That the plaintiff corporation is not the corporation organized in pursuance of defendant's agree-

ment, but that it is a corporation with a capital stock of $150,000, organized for the following purposes, as set out in Article II of its Articles of Incorporation, to wit:

" 'Article II. The general nature of the business to be transacted by this corporation shall be to establish and conduct a general amusement enterprise, and to furnish amusement to the public. To acquire, establish, own, hold, sell, lease, conduct and manage fairs, carnivals, exhibitions, contests, theatrical productions or amusement enterprises of every kind and nature. To purchase, acquire, develop, sell, lease, let, own and manage fair grounds, theaters, playhouses, gardens, opera houses, or other grounds or places for exhibitions, contests and amusements of every kind and nature. To erect, maintain, purchase, rent, hire, lease, let or otherwise acquire and dispose of buildings, structures, equipment or devices for said purpose. To acquire, sell, mortgage, lease, let, or otherwise acquire and dispose of all real or personal property necessary or convenient to such business. To employ performers, exhibitors, contestants, or other persons for the purpose of the business, and to give prizes and purses to contestants or exhibitors. To grant to other persons, firms or corporations the right, privilege or concession to carry on any kind of business or enterprise on the premises of the corporation on such terms as may be deemed expedient or proper. To generally acquire, hold, manage and dispose of property of every kind pertaining to such business, and do everything necessary and proper to the conduct of said business.' "

In reply plaintiff alleges that on the 13th day of May, 1925, the stockholders of the plaintiff corporation met for purpose of organization and voted that the stock should be $150,000.00; that the proposed articles of incorporation of the plaintiff were read; that defendant was present, made no objection, and then and by subsequent conduct has waived his defense, ratified his subscription, and estopped himself from questioning it.

Defendant in testimony denies that he attended the meeting, and denies that prior to the commencement of this suit he knew the contents of the articles of incorporation of the Cedar Rapids Amusement Association. He says that he attended a meeting, but did not stay until it was adjourned. Plaintiff offered evidence to show that defendant was present at the meeting and made no objection; also, that defendant in answer to

request for payment said that he was hard pressed for funds, but would pay as quickly as he could. A letter from defendant was produced, stating that it was impossible for him to do anything with the stock, though he would like to. The evidence shows that plaintiff's articles of incorporation of the plaintiff were as pleaded in the answer. The court instructed the jury that the defendant alleged that his stock subscription was executed as a stock subscription to a corporation other than plaintiff, that defendant alleged that plaintiff corporation is not a corporation organized in pursuance of his agreement; and the court charged that the burden of proof was upon defendant to establish his defense, and that plaintiff was entitled to recover the full amount of the subscription unless the jury found that defendant had established his defense.

It will be seen that the subscription agreement did not give the name of the proposed corporation, did not name plaintiff; that the agreement recited a proposal to organize a corporation having capital stock of $60,000.00; and that the purpose recited was of conducting a Frontier Days Celebration in Cedar Rapids, Iowa, in order to provide a means of entertainment for the public and to attract visitors. Plaintiff cannot be identified as the corporation agreed to be organized, except by extraneous evidence. The plaintiff, however, was organized as a corporation having a capital stock of over $100,000, with power not merely to conduct a Frontier Days Celebration, but to conduct a general amusement enterprise to conduct fairs, etc., of every kind and nature, to acquire fair grounds, theaters, etc., of every kind and nature, to acquire and dispose of buildings, etc., and to acquire and dispose of all property necessary or convenient to such business, to employ performers, etc., to grant concessions, and to generally acquire, manage, and dispose of property of every kind pertaining to such business and do everything necessary and proper to the conduct of said business. The defendant took issue on the plaintiff's allegation that he executed a subscription agreement with plaintiff under which he subscribed stock in the plaintiff. Obviously plaintiff could not recover without proving the allegations constituting its cause of action denied by defendant. The fact that defendant took precaution to plead affirmatively that plaintiff was a different corporation than that to which he subscribed did not shift the burden of proof to de-

fendant. It was for the plaintiff to prove the contract which it alleged defendant made with it. Defendant was entitled to stand on the contract he had made, and could not be compelled to accept a different one. It was for plaintiff to prove its allegations of acceptance of the change, waiver, or estoppel. No question is raised on this point. The instructions imposing the burden of proof upon the defendant were erroneous. Nelson v. National Accident Soc., 212 Iowa 989; Union Agricultural and Stock Association v. Neill, 31 Iowa 95; 4 Fletcher Cyc. Corp., Ed. 1931, Sections 1430 et seq.; 2 Thompson Corp., 3rd Ed., Section 868 et seq. See also Harding v. Board of Supervisors, 213 Iowa 560.—Reversed.

All Justices concur.